Clinton **BRANHAM,** Appellant–
Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 22A05–0401–PC–00006.

Court of Appeals of Indiana.

Aug. 23, 2004.

---

Shane L. Gibson, New Albany, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Clinton Branham ("Defendant") appeals from his guilty plea to one count of dealing in a schedule II controlled substance, a Class B felony, Ind. Code § 35–48–4–2; one count of possession of a controlled substance, a Class D felony, Ind.Code § 35–48–4–7; and one count of possession of marijuana, a Class A misdemeanor, Ind.Code § 35–48–4–11.

We affirm.

### ISSUE

The following issue is presented in this appeal: whether a reservation of the right to appeal a pre-trial motion to discharge survives the Defendant's guilty plea.

### FACTS AND PROCEDURAL HISTORY

On November 1, 1995, the State brought the charges in the instant case against Defendant. On September 23, 1996, Defendant moved for a speedy trial. The trial court set the matter for trial on November 18, 1996, but a trial was not held then. On December 13, 1996, the Defendant filed a motion for discharge. A hearing was held on that motion on January 2, 1997, and the trial court denied the motion on March 25, 1997. The trial court certified the issue of the denial of that motion, and this court declined to accept jurisdiction of the interlocutory appeal of that order.

On November 10, 2003, Defendant pleaded guilty to the instant charges. On December 4, 2003, the trial court sentenced Defendant to a term of 10 years, with five years suspended, on the dealing conviction, one year, with six months suspended on the possession of a controlled substance conviction, and to one year on the possession of marijuana conviction with all sentences to run concurrently.

This direct appeal followed.

### DISCUSSION AND DECISION

■ Defendant argues that a reservation of the right to appeal the trial court's denial of his motion for discharge, contained within the plea agreement, and reflected in the judgment of conviction, preserves his right to raise the issue by way of direct appeal. Yet, within that same plea agreement, and reflected in the judgment of conviction, Defendant acknowledged that by accepting the plea he was waiving his right to appeal and to post-conviction relief.

In *Lineberry v. State*, 747 N.E.2d 1151, 1155 (Ind.Ct.App.2001), a panel of this court held that although a trial court is bound by the terms of a plea agreement that it accepts, a trial court cannot be forced to provide a benefit that the trial court does not have the power to confer. The panel went on to hold that despite the fact that the plea agreement purported to allow Lineberry to appeal the denial of his motion to suppress, the trial court was without the power or authority to allow the appeal once the guilty plea was accepted. *Id.*

■ A defendant cannot question pre-trial orders after a guilty plea is entered. *See Ford v. State*, 618 N.E.2d 36, 38 (Ind. Ct.App.1993). Ind.Code § 35–35–1–2(a)(2)(A) provides in part that a trial court shall not accept a guilty plea without first determining that the defendant has been informed that by his plea he waives his rights to a public and speedy trial by jury. Furthermore, our supreme court has stated that the right to have a trial expeditiously cannot exist or be enforced apart from the right to trial, and any claim of a denial thereof is waived upon a plea of guilty. *See Wright v. State*, 496 N.E.2d 60, 61 (Ind.1986); *Gosnell v. State*, 439 N.E.2d 1153, 1155 (Ind.1982).

*Lineberry* was an appeal of a post-conviction trial court's denial of post-conviction relief. The issues presented for review were 1) whether the post-conviction court erred by denying specific performance of the reservation of the right to appeal contained in a plea agreement, and 2) whether the plea was induced by the promise of the opportunity to appeal the pre-trial order, thereby rendering the plea involuntary. In resolving the first issue, the panel of this court upheld the post-conviction court's denial of specific performance of the agreement, because review of the pre-trial order was rendered moot by the guilty plea. 747 N.E.2d at 1155. However, in resolving the second issue, this court reversed and remanded the matter to the post-conviction court to allow that defendant to withdraw his guilty plea because this court found that Lineberry's guilty plea was induced by the promise that he could appeal a pre-trial motion. 747 N.E.2d at 1158.

In the present case, unlike in *Lineberry*, the Defendant did not move to withdraw his guilty plea and does not raise the issue of the voluntariness of his plea. Therefore, we do not reach the issue of whether Defendant's plea was induced by the promise that he would be able to appeal the pre-trial motion, because Defendant did not ask the trial court to vacate his plea, and Defendant has not raised the issue here. *See e.g., Parker v. State*, 542 N.E.2d

1026, 1027–28 (Ind.Ct.App.1989)(denial of specific performance affirmed because defendant sought only that and not vacation of plea); *Hunter v. State,* 477 N.E.2d 317, 321 (Ind.Ct.App.1985)(reversed and remanded because defendant sought vacation of plea, not specific performance of promise in alleged plea agreement).

■ As noted by the State, this appeal is a direct appeal from Defendant's guilty plea. It is well settled that one of the consequences of pleading guilty is that the defendant loses the ability to challenge his conviction on direct appeal; post-conviction relief remains as the proper vehicle for challenging the guilty plea. *Beaudry v. State,* 763 N.E.2d 487, 490 (Ind.Ct.App. 2002). However, a defendant is entitled to contest the merits of a trial court's sentencing decision where the court has exercised sentencing discretion, even following a guilty plea. *Tumulty v. State,* 666 N.E.2d 394, 396 (Ind.1996).

■ In the present case, however, Defendant is attempting to challenge the trial court's order denying his pre-trial motion for discharge under Indiana Criminal Rule 4. When a defendant pleads guilty, he may challenge only sentencing errors on direct appeal, not alleged errors involving his guilty plea or conviction. *Johnson v. State,* 734 N.E.2d 242, 247 (Ind.2000). Therefore, for this reason as well, the issue is not properly before the court.

### CONCLUSION

Defendant is not entitled to specific performance of the reservation of the right to appeal his pre-trial motion for discharge. The issue became moot upon his plea of guilty to the instant charges. Further, we do not address the issue of whether Defendant's plea was induced by the alleged promise thereby rendering his plea involuntary because that issue is not before us. Last, even if Defendant were entitled to a direct appeal, he could only challenge issues relating to his sentencing.

Affirmed.

BAKER, J., and VAIDIK, J., concur.