**Ronald E. STARR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0701–CR–96.

Court of Appeals of Indiana.

Oct. 17, 2007.

Transfer Denied Dec. 13, 2007.

Daniel K. Whitehead, Yorktown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Ronald Starr appeals his convictions for one count of Class A felony child molesting, two counts of Class A felony attempted child molesting, and seven counts of Class C felony child molesting. We affirm.

### Issue

The dispositive issue is whether Starr may challenge his convictions on direct appeal after pleading guilty.

### Facts

On July 11, 2005, the State charged Starr with one count of Class C felony child molesting. The information alleged that Starr had molested his stepdaughter, K.J., on or between October 9, 1994, and October 9, 1997. On September 6, 2005, Starr filed a motion to dismiss the information on statute of limitations grounds. On November 9, 2005, the trial court denied the motion. Also on that date, the State filed an amended information also charging Starr with being a repeat sexual offender.

On May 31, 2006, Starr filed another motion to dismiss, also essentially challenging the information on statute of limitations grounds because K.J. could not specify any dates of alleged molestations that occurred within the statute of limitations period, i.e. within five years of the charges being filed. The trial court denied

this motion on June 5, 2006. However, the trial court conducted a further hearing on the statute of limitations issue on October 26, 2006. On October 27, 2006, the trial court again denied the motion to dismiss on the specific basis "that the statute of limitations is tolled because of threats by Mr. Starr...." App. p. 5.

Also on October 27, 2006, the State filed another amended information. This information charged Starr with one count of Class A felony child molesting, two counts of Class A felony attempted child molesting, seven counts of Class C felony child molesting, and with being a repeat sexual offender. On November 1, 2006, a jury trial under the amended information began. However, on November 6, 2006, the trial court declared a mistrial. The trial court set a second trial for November 28, 2006, and on November 21, 2006, denied a continuance request by a newly-retained attorney for Starr who had entered his appearance that day.

On November 28, 2006, Starr pled guilty to all of the charges under the most recent amended information, with the exception of the repeat sexual offender allegation. The plea provided that the sentences for all charges would run concurrently, but that sentencing otherwise was open. The trial court accepted the plea and sentenced Starr to an aggregate term of fifty years. At the end of the sentencing hearing held on December 21, 2006, the trial court stated:

> Now there is a legitimate issue in this case. The issue of the ... Of course of courts [sic] of appellate jurisdiction are now reviewing sentences and so I'm gonna assume that your client wants and [sic] appeal. I started to say there's a legitimate of this tolling of the statute of limitations. [K.J.] testified he threatened to harm her family and I ... I am the person that learned the lesson from

the Pravin Thakkar case that that issue can apply to children, but it doesn't apply to adults. Well, [K.J.] is clearly a child, so I found that the statute of limitations was tolled. But that still is a legitimate issue. And so I don't want to presume anything, although I'm sure you want an appeal.

Tr. pp. 540–41. The trial court then appointed appellate counsel for Starr. He now appeals.

## Analysis

 In this direct appeal, Starr attempts to challenge the trial court's denials of his motions to dismiss, as well as the State's amendment of the charging information a few days before trial. He does not challenge the sentence the trial court imposed. It is axiomatic that "a direct appeal is not the proper procedural avenue for a defendant to attack a plea agreement." *Mapp v. State*, 770 N.E.2d 332, 333 (Ind.2002). A person who pleads guilty cannot challenge the propriety of any resulting convictions on direct appeal; he or she is limited on direct appeal to contesting the merits of a trial court's sentencing decision where the sentence is not fixed the plea agreement. *Collins v. State*, 817 N.E.2d 230, 231 (Ind.2004). After pleading guilty, a defendant cannot challenge pre-trial orders. *Branham v. State*, 813 N.E.2d 809, 811 (Ind.Ct.App. 2004).

Starr contends in his reply brief that the trial court appointed appellate counsel for the express purpose of allowing him to pursue his statute of limitations arguments on appeal. In support of this contention, he cites to the portion of the transcript we quoted above. It does not appear to us that the trial court made such an express representation. In any event, those comments, even if they arguably were misleading, came after Starr had already pled

guilty and the trial court had advised Starr that he was waiving his right to appeal his convictions by pleading guilty. Additionally, the written plea agreement makes no mention of purportedly reserving Starr's right to appeal the statute of limitations issue, and instead states, "This agreement embodies the entire agreement between the parties, and no promises have been made or inducements given to defendant by the State which are not set out herein." App. p. 67.

Furthermore, even if there had been an express representation by either the State or the trial court to Starr that he could challenge his convictions on direct appeal, we would not enforce such a representation. In *Branham*, this court was asked to specifically enforce an express promise in a plea agreement that the defendant could appeal the trial court's denial of his motion for discharge under Indiana Criminal Rule 4. We refused to do so, holding that such a challenge "became moot upon his plea of guilty to the instant charges." *Branham*, 813 N.E.2d at 812; *see also Lineberry v. State*, 747 N.E.2d 1151, 1155 (Ind.Ct.App. 2001) (holding that trial court lacked power or authority to promise defendant that he could appeal denial of motion to suppress after pleading guilty).[1]

Starr also attempts to seek direct appellate review of his convictions by contending that because of the statute of limitations violation, the resulting convictions were "illegal" or "void and/or voidable." Reply Br. pp. 2, 3. It is apparent to us that acceptance of Starr's argument on this point would result in a complete end-run around *Mapp* and numerous other cases. Arguably, any conviction that was preceded by procedural error—such as the im-

proper denial of a motion to suppress, or of a motion to discharge, or even an inadequate factual basis for a guilty plea—could be deemed "illegal" or "void and/or voidable." It is only a sentence—not the conviction itself—that may be challenged on direct appeal following a guilty plea. *See Collins*, 817 N.E.2d at 231.

### Conclusion

Starr cannot challenge his convictions in a direct appeal following his guilty plea. We affirm.

Affirmed.

KIRSCH, J., and ROBB, J., concur.

---

1. To the extent Starr may be implying that his guilty plea was involuntary because of the trial court's allegedly misleading comments at sentencing, the proper vehicle for raising such a challenge would be a post-conviction proceeding. *See Lineberry*, 747 N.E.2d at 1155–56.