**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 28 2013, 5:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JON C. OWEN**
Kendallville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANA L. BERING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  57A05-1212-CR-646 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable James R. Heuer, Special Judge
Cause No. 57C01-1103-FD-1

**August 28, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-defendant, Dana L. Bering, brings this interlocutory appeal challenging the trial court's denial of her motion for discharge under Criminal Rule 4(C). In support of her contention, Bering claims that the trial court did not properly calculate the delays that were attributable to the State.

The record supports the trial court's determination that the delays in bringing Bering to trial were caused by her motions to continue hearings, trial dates, and her entry of a guilty plea. When the guilty plea was in effect, no trial was needed. Thus, Criminal Rule 4 that is designed to bring about a speedy trial had no purpose at that time. However, when Bering's guilty plea was vacated, Criminal Rule 4 again became relevant. When Bering filed her motion for discharge, only 187 days of the allotted 365 days set forth in Criminal Rule 4 had expired. Thus, the trial court properly determined that Bering was not entitled to be discharged. As a result, we affirm the trial court's judgment and remand this cause for trial.

## FACTS

On March 8, 2011, the State charged Bering with five counts of theft and one count of fraud. An initial hearing was conducted that same day, and the trial court set an omnibus date for May 12, 2011. Although a pretrial conference was to be conducted on May 12, 2011, Bering moved to continue that conference. Her motion for continuance was granted and the trial court rescheduled the pretrial conference to June 6, 2011. The trial court attributed this delay to Bering.

On June 6, 2011, the trial court scheduled a jury trial for October 18, 2011, and a final pretrial conference for September 29, 2011. However, on September 26, Bering orally moved to continue the final pre-trial conference, as well as the trial date. The trial court granted Bering's motion and reset her trial for January 31, 2012. The trial court also charged Bering with that delay. Bering's final pre-trial conference was scheduled for January 12, 2012, the last date on which the trial court would accept a guilty plea before trial.

On January 12, 2012, the parties submitted a plea agreement to the trial court. Thereafter, the trial court conducted a guilty plea hearing after which the trial date of January 31, 2012, was vacated. The trial court scheduled Bering's sentencing for March 8, 2012.

The State subsequently moved to withdraw the guilty plea on February 3, 2012, and the trial court set that motion for hearing on March 7, 2012. On March 6, 2012, Bering filed a motion for the recusal of the trial judge. That motion was granted the same day and Judge Heuer of Whitley Circuit Court accepted the appointment as special judge on March 8, 2012.

On May 3, 2012, the State filed a motion for hearing and to set the matter for trial. On May 7, the trial court set the cause for a pre-trial conference on June 4, 2012. The hearing was subsequently reset for June 27, 2012. On that day, the trial court heard argument on the State's motion to withdraw the guilty plea and took the matter under

advisement.  The trial court granted the motion on July 31, 2012, and scheduled a pre-trial conference for August 20, 2012.

On that day, the parties met for a pre-trial conference at which time the trial court, over Bering's objection, set a trial date for December 18, 2012.  Bering filed a motion for discharge on August 20, 2012, claiming that the provisions of Criminal Rule 4(C) had been violated.  The trial court subsequently issued an order on November 7, 2012, denying Bering's motion for discharge.

The trial court granted Bering's request on November 26, 2012, that the matter be certified for interlocutory appeal.  We accepted jurisdiction over the interlocutory appeal on February 4, 2013.

DISCUSSION AND DECISION

In determining whether the trial court properly denied Bering's motion for discharge, we note that the right to a speedy trial is guaranteed in accordance with the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution.  Clark v. State, 659 N.E.2d 548, 551 (Ind. 1995).  The provisions of Criminal Rule 4 assist in implementing this right by establishing time deadlines by which trials must commence.  Collins v. State, 730 N.E.2d 181, 182 (Ind. Ct. App. 2000).  Criminal Rule 4(C) provides in relevant part that

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there

4

was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

Although the duty to bring a defendant to trial within the requirements of Criminal Rule 4(C) generally rests with the State, the rule explicitly provides that the period of time under the rule is extended for delays that are caused by the defendant's own act or a continuance that is had on the defendant's own motion. Cook v. State, 810 N.E.2d 1064, 1066-67 (Ind. 2004). In other words, if a defendant "seeks or acquiesces in any delay that results in a later trial date, the time limitations of the rule are also extended by the length of those delays." Wooley v. State, 716 N.E.2d 919, 924 (Ind. Ct. App. 1999).

We initially observe that the State correctly maintains that Bering waived her right to a speedy trial when she pleaded guilty. Branham v. State, 813 N.E.2d 809, 811 (Ind. Ct. App. 2004). Indeed, Bering pleaded guilty and signed an agreement, which included as one of its advisements, that she had a right to proceed to trial and that by entering the guilty plea, she was waiving that right. Appellant's App. p. 41.

At the guilty plea hearing, the trial court orally advised Bering of her right to a trial and reminded her that she was waiving that right by pleading guilty. Bering acknowledged that she understood those rights and the consequences of pleading guilty. As a result, Bering has waived her right to a speedy trial. Id. at 811.

5

Waiver notwithstanding, we note that the period of time embodied in the rule commenced on March 8, 2011, which was the date that the charges were filed and the date Bering was arrested. Appellant's App. p. 3. However, that initial segment ended sixty-five days later on May 12, 2011, when Bering moved to continue the pre-trial conference that had been set for that day. The next pre-trial conference was scheduled for June 16, 2011, that resulted in a thirty-five day delay in setting a trial date for Bering's case.

As noted above, a trial date was set for October 18, 2011, and the trial court scheduled a final pre-trial conference for September 29, 2011. However, as noted above, Bering moved to continue both dates on September 26, 2011. The trial court granted Bering's motion, and her trial was reset for January 31, 2012, with a final pre-trial conference set for January 12, 2012. That said, the 102 days from the June 16, 2011, pre-trial conference until September 26, 2011, properly accrue against the rule period. Time beyond the filing of Bering's motion to continue the trial date, however, does not accrue against that period. In other words, this was a delay that Bering clearly caused by her motion and the next 108 days—from September 26, 2011, until January 12, 2012—fall outside the period set forth in the rule. That said, only 167 days of the allotted 365-day period had expired.

The next delay occurred on January 12, 2012, when Bering pleaded guilty and waived her right to proceed to trial. The trial court questioned Bering in detail, and after knowingly and voluntarily entering a guilty plea, it vacated the existing trial date. That

6

said, the delay following Bering's guilty plea is chargeable to her because the delay was caused by her decision to plead guilty. Cook, 810 N.E.2d at 1066-67.

The delay after the vacation of the trial date because of the guilty plea did not end until July 31, 2012, which was the date that the trial court granted the State's motion to reject the guilty plea. Until that point, there was no need for a trial because Bering had pleaded guilty and waived her right to a trial.

Although Criminal Rule 4 is designed to assure a speedy trial, it is not to be used as a technical means to avoid a trial. Cundiff v. State, 967 N.E.2d 1026, 1028 (Ind. 2012). Indeed, Bering was afforded earlier trial settings so there is no question that the trial court was attempting to bring Bering to trial as quickly as possible. However, as noted above, Bering moved to continue the first trial date and pleaded guilty immediately before the second. Therefore, the purpose and spirit of Criminal 4(C) were fulfilled. In other words, during the existence of the otherwise valid guilty plea, there was no need for a trial, thus removing any practical application of Criminal Rule 4.

On the other hand, the period of time embodied in the rule came back into effect when the trial court vacated the guilty plea. At that point, a trial was again required and the provisions of Criminal Rule 4 were needed to protect Bering's right to a speedy trial. To reiterate, the trial court vacated Bering's proposed guilty plea on July 31, 2012, and set the case for a pre-trial conference on August 20, 2012. On that date, Bering filed the motion for discharge. The twenty days (from July 31, 2012, until August 20, 2012) would accrue against the rule period and, added to the already-expired lapse of 167 days,

7

results in only 187 days of the 365 days allotted to the State having expired when Bering filed the motion for discharge.

In conclusion, the delays were caused by Bering's various motions for continuances that delayed the proceedings. Bering's initial decision to plead guilty rendered any need for a trial, speedy, or otherwise, moot. And because the period set forth in the rule had not yet expired at the time of the discharge motion, Bering was not entitled to relief.

The judgment of the trial court is affirmed and this cause is remanded for trial.

FRIEDLANDER, J., and VAIDIK, J., concur.