**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**YANSIE G. NORMENT**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| YANSIE G. NORMENT,      ) | |
|                     ) | |
|         Appellant-Petitioner,    ) | |
|                     ) | |
|            vs.             ) | No.  20A04-1308-PC-390 |
|                     ) | |
| STATE OF INDIANA,       ) | |
|                     ) | |
|         Appellee-Respondent.    ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause Nos. 20D03-1212-PC-113 and 20D03-0802-FA-16

April 21, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this appeal from the denial of his petition for post-conviction relief, appellant-petitioner Yansie Norment claims that his trial counsel was ineffective because she did not move for a discharge of the criminal proceedings that were brought against him.

We conclude that Norment does not prevail on his ineffective assistance of counsel claim because the record demonstrates that he was never entitled to discharge at any stage of the proceedings in light of his responsibility for most of the delays. Moreover, Norment has failed to establish that he was misled in any way by his counsel's advice regarding his decision to plead guilty in accordance with the plea agreement. Thus, we affirm the denial of Norment's petition for post-conviction relief.

FACTS

On February 29, 2008, Norment was charged with one count of dealing in cocaine,[1] a class A felony, and two counts of dealing in cocaine,[2] a class B felony. At Norment's March 3, 2008 initial hearing, the trial court appointed attorney Eric Kinsman to represent Norment, and set a plea deadline and pretrial conference for May 15, 2008. On May 15, Norment filed a motion to continue the pretrial conference and plea deadline to May 29, 2008. That motion was granted, but on May 29, Norment again moved to continue the pretrial conference and plea deadline to June 19, 2008. Norment stipulated

---

[1] Ind. Code § 35-48-4-1(b)(1).

[2] I.C. § 35-48-4-1(a)(1).

that both of these requests to move the dates and the resulting delays were chargeable to him for purposes of Indiana Criminal Rule 4(C).[3]

On June 18, Norment requested that the pretrial conference and plea deadline be moved again, and the trial court reset both dates to June 25, 2008. At the hearing on June 25, Norment's counsel requested that a trial date be set. However, Norment asked to speak to the deputy prosecutor directly about a plea agreement, "stating he [Norment] does not believe . . . Kinsman [defense counsel] is representing him fully in his behalf." Appellant's App. p. 84. The trial court declined to appoint another attorney for Norment or become involved in the negotiating process.

After a recess, but also on June 25, 2008, the trial court ordered Norment to undergo "a psychological competency evaluation" by two mental-health professionals. Appellant's App. p. 84. Norment's competency evaluations were filed with the trial court on November 7, 2008, and November 20, 2008. On February 9, 2009, the trial court appointed public defender Garcia to represent Norment, because Kinsman was no longer employed as a public defender. At a pretrial hearing on December 4, 2008, the trial court

---

[3] Criminal Rule 4(C) provides that

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

found that Norment was competent to stand trial, and the parties agreed to a trial date of July 13, 2009.

On July 2, 2009, the State filed a motion to vacate the trial date because of court congestion. The trial court granted the motion because of the priority trial setting of another case in which a speedy trial request had been made. The trial court found that the resulting delay was not chargeable to the State for purposes of Criminal Rule 4. On July 9, 2009, the trial court appointed attorney Garcia withdrew from Norment's case because of a conflict, and Attorney Fay Schwartz to represent Norment, because Garcia had to withdraw as the result of a "conflict." Appellant's App. p. 89. The trial court had reset Norment's case for a pretrial conference on July 30, 2009. However, Norment subsequently moved to continue the conference and agreed that any delay would be chargeable to him for Criminal Rule 4 purposes. The pretrial conference was continued to August 13, 2009. On that day, Norment asked that the pretrial conference be continued until September 10, 2009. The trial court granted the motion and attributed that delay to Norment. At the pretrial conference on September 10, 2009, Norment and the State agreed to set Norment's jury trial for April 5, 2010.

In early February 2010, Norment agreed to plead guilty to one count of dealing cocaine as a class A felony. The agreement provided that Norment would receive a thirty-five year sentence, with five years of probation. In exchange, the State agreed to dismiss the remaining counts. During the plea agreement hearing that commenced on February 11, 2010, the following colloquy occurred between the trial court and Norment:

4

THE COURT: Very Well. Are you satisfied with the advice, counsel, and representation provided you in this case by Ms. Schwartz?

THE DEFENDANT: Very much so.

THE COURT: Is there anything which you believe she should have done for you that she did not do?

THE DEFENDANT: I didn't get a chance to hear the audio and—the audio of my tapes, but, other than that, I'm still fine with it.

THE COURT: All right. . . .

The trial court then accepted the plea agreement. On March 15, 2010, the trial court sentenced Norment in accordance with the agreement.

On December 11, 2012, Norment filed a petition for post-conviction relief, claiming that Schwartz was ineffective because she failed to move for discharge of the criminal proceedings in accordance with Indiana Criminal Rule 4(C). In other words, Norment alleged that Schwartz should have moved for discharge because he was not brought to trial within one year after the charges had been filed. Moreover, Norment contended that Schwartz "coerced him to accept a plea agreement on February 11, 2010, after she agreed to a trial date of April 5, 2010; approximately . . . 310 days past the time which the State had to bring him to trial." Appellant's App. p. 16.

Following a hearing on April 18, 2013, the post-conviction court entered findings of fact and conclusions of law denying Norment's petition. The post-conviction court determined, among other things, that nothing in the record supported Norment's claim that a Criminal Rule 4 violation had occurred. In fact, the post-conviction court

5

determined that at no time did Norment allege that his decision to plead guilty would have been different had his counsel performed otherwise. The post-conviction court also entered findings that Norment "presented absolutely no evidence or testimony to support his claim of ineffective assistance of counsel." Appellant's App. p. 28. In light of the delays that had occurred in the case and other circumstances, the post-conviction court concluded that

> 22. Because the record does not support [Norment's] bald assertion of a Criminal Rule 4 violation, it is highly unlikely that even if counsel had filed such a motion, that it would have been granted. Accordingly, the outcome of the case would not have been different had counsel performed as [Norment] claims she should have and no prejudice has been shown.
>
> 23. Additionally, there is no evidence to support Petitioner's claim that trial counsel failed to adequately advise Petitioner with respect to the guilty plea. To the contrary, the transcript of the guilty plea hearing belies this assertion. . . . The trial court reviewed the terms of the Plea Agreement with Petitioner and asked Petitioner if the court had correctly stated those terms as Petitioner understood them. Petitioner responded, "Yes." Petitioner also stated that he had read the plea agreement, that he had reviewed it with his trial counsel . . . and that [counsel] had answered any questions he had concerning the terms therein.
>
> 24. Petitioner has offered nothing more than a naked allegation that his trial counsel was ineffective. At no point during the post-conviction proceeding did Petitioner allege that his decision to plead would have been different had counsel performed otherwise. Petitioner presented absolutely no evidence or testimony to support his claim of ineffective assistance of counsel. Moreover, the record herein offers no support for Petitioner's claim. Petitioner has failed to meet the required standard in order to show that trial counsel's performance was defective or that he was prejudiced as a result of counsel's performance.

Id. (Emphases added). Norment now appeals.

6

As noted above, Norment claims that his trial counsel was ineffective because she did not move for discharge in accordance with Criminal Rule 4, in light of the delays that occurred before he pleaded guilty.[4] Norment makes the corollary argument that counsel was ineffective because she failed to advise him that he could have been discharged rather than pleading guilty.

## I.  Standard of Review—Post Conviction Relief, Generally

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal.  Turner v. State, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), trans. denied.  Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal.  Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002).  A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence.  Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008).  To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.  Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6), we cannot affirm the

---

[4] Norment asserts in his appellate brief that 716 days had elapsed from the time that he was charged on February 26, 2008 until he pleaded guilty on February 11, 2010.  Norment further contends that "of that time, 467 days are not attributable to delays by the defense or congestion.  Norment 365 day [sic] lapsed on May 21, 2009."  Appellant's Br. p. 6.

judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. Graham v. State, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011). We will not reweigh the evidence or judge the credibility of witnesses, and will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. Id.

## II. Norment's Claims

In addressing Norment's claim that his counsel was ineffective because she did not move for a discharge of the proceedings against him, we initially observe that when a defendant pleads guilty, he cannot later question or argue his rights under pretrial orders that have become moot. See Branham v. State, 813 N.E.2d 809, 811 (Ind. Ct. App. 2004) (holding that a challenge to the denial of a motion for discharge was waived by pleading guilty). For instance, the right to a speedy trial cannot exist or be enforced apart from the trial itself, and any claim that a defendant's speedy trial rights were violated is rendered moot by a guilty plea. Id. at 811.

Although Norment is not directly challenging that his rights under Criminal Rule 4 were violated in light of his decision to plead guilty, Norment's arguments that his trial counsel was ineffective for failing to move for discharge under the rule require him to show that he was prejudiced. Strickland v. Washington, 466 U.S. 668 (1984). Put another way, a defendant forfeits the claim to be discharged under Criminal Rule 4 by any action that is inconsistent with maintaining a right to be tried within the deadlines set

forth in Criminal Rule 4(C), including acquiescence in the setting of a trial date outside the 365-day time frame. Wooley v. State, 716 N.E.2d 919, 924 (Ind. Ct. App. 1999).

As Norment is claiming that his trial counsel was ineffective, our Supreme Court summarized such claims in Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001), as follows:

> A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> . . .
> A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. . . . Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. The two prongs of the Strickland test are separate and independent inquiries. Thus, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

Because Strickland requires Norment to establish prejudice on his ineffective assistance of counsel claim, we analyze this case under Segura v. State, 749 N.E.2d 496 (Ind. 2001), when the claim of ineffective assistance of counsel is premised upon incorrect advice as to penal consequences with promised leniency or incorrect advice is rendered as to the state of the law. Specific facts, in addition to the petitioner's

9

conclusory allegation must establish an objective reasonable probability that competent representation would have caused the petitioner not to plead guilty. Id. at 507.

In this case, Norment did not testify at the post-conviction hearing that he was not aware of these rights; nor did he present any evidence that he was misled by trial counsel about the ramifications that his guilty plea would have regarding a claim for discharge under Criminal Rule 4. Norment testified and acknowledged at the guilty plea hearing that he was "very much" satisfied with counsel's representation at the guilty plea hearing. Appellant's App. p. 108.

Even assuming that there was some support in the record for Norment's contention that his trial counsel was ineffective, he was obligated to prove that he would have been "automatically discharged" had Schwartz moved for such relief under Criminal rule 4. Danks v. State, 733 N.E.2d 474, 490 (Ind. Ct. App. 2000). The purpose of Criminal Rule 4 is to ensure speedy trials—not to discharge defendants. Brown v. State, 725 N.E.2d 823, 825 (Ind. 2000). Hence, defense counsel has no obligation to engineer a case's trial docket to create a colorable claim for the client's discharge. Id. As a result, our Supreme Court has summarized the analysis of a Criminal Rule 4 claim as, "whether the time not attributable to defendant's delays, court congestion, or emergency exceeds 365 days." Curtis v. State, 948 N.E.2d 1143, 1150 (Ind. 2011) (observing that the State conceded that the trial court's cancellation of the competency evaluation restarted the Criminal Rule 4(C) period, and no delays within the next five months could be considered attributable to Curtis, emergency, or court congestion).

When a defendant takes action that results in the delay of the proceedings, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not. Cook v. State, 810 N.E.2d 1064, 1066-67 (Ind. 2004). Additionally, delays that cannot support a Criminal Rule 4 claim are delays occasioned by exigent circumstances beyond the control of the State or the trial court. Martin v. State, 194 N.E.2d 721, 723-24 (Ind. 1963). Similarly, a delay occasioned by the need to determine a defendant's competency to stand trial is not included within a Criminal Rule 4 calculation. However, delays attributable to a defendant's claim of incompetency are charged against the defendant for Rule 4(C) purposes. Curtis, 948 N.E.2d at 1150.

When examining the number and types of delays that we have set forth above, the delays that were caused by Norment's requests to continue pretrial hearings, plea deadlines and the like, are attributable to him. Additionally, we agree with the State's contention that by the time of the December 4, 2008 competency hearing, only seventy-six days were attributable to the State, while 196 days were attributable to Norment. See Curtis, 948 N.E.2d at 1150. Thus, the State had 289 days—or until September 19, 2009—to bring Norment to trial. Accordingly, at the December 4 competency hearing, Norment and the State agreed to commence the trial on July 13, 2009, which was well within those remaining days. However, the trial court was compelled to vacate that trial date because of court congestion that was found on July 2, 2009. Thus, added to the seventy-six days attributable to the State before the competency hearing, the State

11

concedes, and we agree, that 286 days were attributable to the State.  Appellee's Br. p. 11.

Norment's counsel withdrew on July 9, 2009, and several motions were filed to continue the pretrial conference and plea deadline, which had been set for July 30, 2009. Several other continuances occurred that were all chargeable to Norment.  Therefore, the delay of seventy days between July 2, 2009, and September 10, 2009, resulting from Norment's continuance motions, is attributable to Norment and the State still had seventy-nine days to bring Norment to trial.  Cook, 810 N.E.2d at 1066-67.

Although Norment and the State agreed to a trial date on April 5, 2010, Norment avoided trial by pleading guilty on February 11, 2010, which was approximately two months before the scheduled trial date.  And even though the trial date had been set outside the 365-day limit, Norment acquiesced in this setting.  This is precisely what Norment did when, at the September 10, 2009 pretrial, he agreed to an April 5, 2010 trial date.  As a result, Norment's rights under Criminal Rule 4(C) were not violated.  Indeed, accounting for the time attributable to Norment's delays or exigent circumstances that were involved in this case, it is plain that Norment was not entitled to a discharge under Criminal Rule 4(C) before he pleaded guilty.  Everroad, 590 N.E.2d at 569.

That said, Norment has failed to show that his trial counsel's performance was deficient or that he was prejudiced as a result of counsel's performance, thus defeating his claim of ineffective assistance of counsel.  Moreover, Norment has failed to show that his trial counsel misled him into pleading guilty in accordance with the plea agreement.

12

Finally, Norment has failed to show that his trial counsel coerced him into pleading guilty "310 days past the time which the State had to bring him to trial." Appellant's App. p. 16. Thus, Norment has failed to establish clear error in the post-conviction court's denial of his petition for post-conviction relief.

The judgment of the post-conviction court is affirmed.

BARNES, J., and CRONE, J., concur.