## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Nov 10 2015, 9:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

Sean R. Schaffer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 10, 2015

Court of Appeals Case No.
15A01-1504-CR-136

Appeal from the Dearborn
Superior Court 2

The Honorable J. Steven Cox,
Special Judge

Trial Court Cause No.
15D02-1409-F6-408

**Altice, Judge.**

## Case Summary

[1] Sean R. Schaffer appeals his conviction following a plea of guilty to Official Misconduct,[1] a Level 6 felony. On appeal, Schaffer argues that his conviction is void because no written plea agreement was made part of the record.

[2] We affirm.

## Facts & Procedural History

[3] Throughout most of 2014, Schaffer worked as a probation officer in Dearborn County. While performing his duties, Schaffer stole hydrocodone tablets from a probationer under his supervision. As a result, Schaffer was charged with official misconduct and two counts of theft. Schaffer subsequently entered into a written plea agreement with the State, pursuant to which Schaffer would plead guilty to official misconduct in exchange for the dismissal of the theft charges and sentencing would be left to the discretion of the trial court. A guilty plea hearing was held on October 1, 2014, at which the trial court was apparently presented with a copy of the written plea agreement. The trial court expressed uncertainty as to the need for a plea agreement, noting that the agreement did not bind the court to anything. Defense counsel explained that the agreement was a product of "charge bargaining as opposed to plea bargaining[.]" *Transcript* at 9. The court read the plea agreement into the record and confirmed that Schaffer understood its terms. After the State established a factual basis, Schaffer withdrew his preliminary plea of not guilty

---

[1] Ind. Code § 35-44.1-1-1.

to official misconduct and pled guilty pursuant to the plea agreement. The trial court accepted Schaffer's guilty plea, granted the State's motion to dismiss the theft charges, and set the matter for a separate sentencing hearing.

[4] At the sentencing hearing, the trial court acknowledged that Schaffer had pled guilty to official misconduct, but stated that it did not understand the negotiated plea agreement and did not recall accepting it. Defense counsel again explained that the parties' intention was to "charge bargain", i.e., that Schaffer would plead guilty to official misconduct in exchange for the dismissal of the theft charges, and that sentencing would be left to the trial court's discretion. *Id.* at 29. Defense counsel stated that he was uncertain as to whether the plea agreement had been formally rejected or accepted. The State again moved to dismiss the theft charges, which the trial court granted. The State and defense then presented evidence and argument on sentencing. The trial court ultimately sentenced Schaffer to two and one-half years in the Department of Correction, with six months suspended to probation. Schaffer now appeals.

**Discussion & Decision**

[5] On appeal, Schaffer argues that his conviction is void because no written plea agreement was properly filed with the court, as required by Ind. Code § 35-35-3-3. It is well settled, however, that a person who pleads guilty cannot challenge his conviction on direct appeal. *Robey v. State*, 7 N.E.3d 371, 383 (Ind. Ct. App. 2014) (citing *Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005), and *Tumulty v. State*, 666 N.E.2d 394, 394-95 (Ind. 1996)), *trans. denied*. This is the case even

when the record would otherwise be adequate to resolve the issue presented. *Tumulty*, 666 N.E.2d at 395-96. Instead, claims of error in the acceptance of a guilty plea must be presented through a petition for post-conviction relief under Indiana Post-Conviction Rule 1. *Id.* Therefore, even assuming *arguendo* that the requirements of I.C. § 35-35-3-3 were not satisfied, we must affirm Schaffer's conviction.

[6] Schaffer also argues in passing that the trial court erred in sentencing him. "Although a person who pleads guilty is not permitted to challenge the propriety of a conviction on direct appeal, he or she is generally entitled to contest the merits of the trial court's sentencing decision when the trial court exercises its discretion." *Holsclaw v. State*, 907 N.E.2d 1086, 1088 (Ind. Ct. App. 2009). In this case, Schaffer does not argue that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B) or in excess of the statutory maximum. Instead, he argues that the trial court erred in sentencing him beyond the advisory sentence recommended by the State at the sentencing hearing. In support of this argument, Schaffer cites *St. Clair v. State*, 901 N.E.2d 490, 493-94 (Ind. 2009), in which our Supreme Court held that, under the facts of that case, a written plea agreement providing that the State would "recommend" a particular sentence was intended to be a fixed plea agreement, under which the trial court was bound to impose the specified sentence. *St. Clair* is inapposite. It is clear from the record that the plea agreement in this case, regardless of whether it was oral or written, contained no sentencing recommendation and left sentencing to the trial court's discretion. The State's verbal

recommendation at the sentencing hearing did nothing to change the terms of the plea agreement.

[7] Judgment affirmed.

[8] Riley, J., and Brown, J., concur.