Attorneys for Appellant
Michael C. Keating
Yvette M. LaPlante
Evansville, Indiana

Attorneys for Appellee
Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

In the

Indiana Supreme Court

**FILED**

Aug 24 2009, 3:07 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 82S01-0902-CR-66

TOMMY D. ALVEY,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Vanderburgh Superior Court, No. 82D02-0604-FA-289
The Honorable Robert J. Pigman, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 82A01-0804-CR-164

**August 24, 2009**

**Sullivan, Justice.**

The decisions of the Court of Appeals are conflicting over whether an individual who pleads guilty to an offense is entitled to challenge the denial of a motion to suppress or other pre-trial motion on direct appeal. Precedent limiting the right to appeal following a guilty plea dictates that such an appeal is not permitted.

## Background

In April, 2006, the State charged Tommy D. Alvey with: dealing in methamphetamine as a Class A felony; dealing in methamphetamine as a Class B felony; possession of methamphetamine as a Class C felony; and carrying a handgun without a license as a Class A misdemeanor. In May, 2007, Alvey filed a motion to suppress the State's evidence. After holding a hearing, the trial court denied the motion. Alvey did not seek an interlocutory appeal of the trial court's decision.

In November, 2007, Alvey entered into a plea agreement with the State. In the agreement, Alvey agreed to plead guilty to dealing in methamphetamine as a Class B felony and to carrying a handgun without a license as a Class A misdemeanor. Alvey also agreed that the trial court would determine his sentence. In exchange, the State agreed to dismiss the remaining charges. However, Alvey expressly reserved the right to appeal the trial court's ruling on the motion to suppress; the State did not object. Alvey acknowledged that "the entry of my guilty plea pursuant to this agreement . . . constitutes an admission of the truth of all facts alleged in the Information . . . to which I plead guilty…." (Appellant's App. 175.) In January, 2008, the trial court held a hearing on Alvey's guilty plea. Again, despite his admission of guilt, the court expressly informed Alvey that he was permitted to appeal the court's decision on his pre-trial motion to suppress.

The trial court accepted the agreement and sentenced Alvey to serve an aggregate term of eight years, with four years suspended. After pleading guilty to the underlying charges against him, Alvey appealed the trial court's denial of his pre-trial motion to suppress. The Court of Appeals affirmed the trial court's entry of judgment of conviction against him because it reasoned that Alvey's guilty plea foreclosed his right to challenge the pre-trial motion to suppress. Alvey v. State, 897 N.E.2d 515, 520 (Ind. Ct. App. 2008).

Alvey sought, and we granted transfer. Alvey v. State, – N.E.2d – (Ind. 2009) (table).

**Discussion**

**I**

Alvey challenges the trial court's denial of his motion to suppress evidence after pleading guilty to the underlying charges against him. Specifically, Alvey urges this Court to allow defendants to appeal rulings on motions where the right to appeal is reserved in the plea agreement. It is well settled that a person who pleads guilty cannot challenge the propriety of the resulting conviction on direct appeal; he or she is limited on direct appeal to contesting the merits of a trial court's sentencing decision, and then only where the sentence is not fixed in the plea agreement. Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004). This is one of the consequences of pleading guilty. After all, "[a] defendant's plea of guilty is [] not merely a procedural event that forecloses the necessity of trial and triggers the imposition of sentence. It also, and more importantly, conclusively establishes the fact of guilt, a prerequisite in Indiana for the imposition of criminal punishment." Norris v. State, 896 N.E.2d 1149, 1152 (Ind. 2008).

As we explained in Tumulty v. State, 666 N.E.2d 394, 396 (Ind. 1996), multiple policy grounds support finding that a defendant may not challenge his conviction based upon a guilty plea in a direct appeal. To permit an appeal in these situations would make settlements difficult to achieve and dramatically increase the caseload of the appellate courts. Id. Moreover, it is inconsistent to allow defendants both to plead guilty and to challenge evidence supporting the underlying convictions. See Norris, 896 N.E.2d at 1153. When a judgment of conviction upon a guilty plea becomes final and the defendant seeks to reopen the proceedings, the inquiry is normally confined to whether the underlying plea was both counseled and voluntary. Ford v. State, 618 N.E.2d 36, 38 (Ind. Ct. App. 1993), trans. denied.

The Court of Appeals has addressed the issue of whether a defendant who pleads guilty may question pre-trial orders following a guilty plea. Most of the cases addressing the issue have held that a defendant is foreclosed from raising such an appeal on direct appeal. See, e.g., Branham v. State, 813 N.E.2d 809, 812 (Ind. Ct. App. 2004) (holding that a defendant cannot question pre-trial orders following the entry of a guilty plea); Starr v. State, 874 N.E.2d 1036,

3

1037 (Ind. Ct. App. 2007) (holding that a conviction may not be challenged on direct appeal following a guilty plea), <u>trans. denied</u>.

Conversely, on at least two occasions, the Court of Appeals decided to review the merits of a defendant's pre-trial motion to suppress notwithstanding the fact that the defendant had entered a guilty plea. <u>Jones v. State</u>, 866 N.E.2d 339, 342 (Ind. Ct. App. 2007) (appeal of ruling on motion to suppress after guilty plea is entered where the issue was reserved in the plea agreement), <u>trans. denied</u>; <u>S.A. v. State</u>, 654 N.E.2d 791, 794 (Ind. Ct. App. 1995) (appeal of ruling on motion to suppress after defendant pleads guilty), <u>trans. denied</u>.

<u>Lineberry v. State</u> examined the issue from the perspective of collateral review. 747 N.E.2d 1151, 1155 (Ind. Ct. App. 2001). <u>Lineberry</u> addressed two issues. The first issue was whether the post-conviction court had erred by denying specific performance of the reservation of the right to an appeal contained in a plea agreement. <u>Id.</u> The second issue was whether the guilty plea had been induced by the promise of the opportunity to appeal the pre-trial order, thus rendering the plea involuntary. <u>Id.</u> The Court of Appeals said that though a trial court is bound by the terms of a plea agreement it accepts, a trial court cannot provide a benefit that the trial court does not have the power to confer. <u>Id.</u> The court went on to hold that despite the plea agreement purporting to allow the defendant to appeal his motion to suppress, the trial court had been without the power or authority to allow the appeal after accepting the guilty plea. <u>Id.</u> In resolving the second issue, the court found that the defendant's guilty plea had been induced by the promise that he could appeal a pre-trial motion. <u>Id.</u> at 1158.

**II**

Based on the weight of the authority, Alvey cannot challenge his convictions in a direct appeal following his guilty plea. To the extent that prior opinions of the Court of Appeals are inconsistent with this conclusion, we disapprove of those decisions. <u>See</u>, <u>e.g.</u>, <u>Jones</u>, 866 N.E.2d 339; <u>S.A.</u>, 654 N.E.2d 791. A trial court lacks the authority to allow defendants the right to appeal the denial of a motion to suppress evidence when a defendant enters a guilty plea, even where a plea agreement maintains that such an appeal is permitted. <u>Lineberry</u>, 747 N.E.2d at

4

1155. Therefore, despite the plea agreement's statement to the contrary, Alvey could not plead guilty and challenge the denial of his pre-trial motion to suppress.

Alvey had the opportunity to request certification of the trial court's ruling for an interlocutory appeal on the denial of his motion to suppress; however, he did not. A motion to suppress evidence does not fall within the category of interlocutory orders from which an appeal may be taken as of right. See Ind. Appellate Rule 14(A). Thus, the trial court certainly could have refused to certify, and the Court of Appeals could have refused to accept jurisdiction over, the suppression ruling. Alvey was not guaranteed an interlocutory appeal, but this does not alter our view that his guilty plea foreclosed his right to appeal the denial of the motion to suppress.[1] Defendants who plead guilty to achieve favorable outcomes forfeit a plethora of substantive claims and procedural rights. Games v. State, 743 N.E.2d 1132, 1135 (Ind. 2001). Alvey cannot benefit from both the advantages of pleading guilty and the right to raise allegations of error with respect to pre-trial rulings; these rights are relinquished once defendants decide against facing an uncertain outcome at trial.

Although we hold that a defendant cannot challenge the trial court's ruling on a motion to suppress following a guilty plea, including those cases where the defendant reserved the right in his or her plea agreement, we find some unfairness to Alvey. Should we simply vacate the plea, he could face a higher sentence. Therefore, Alvey shall have the option of proceeding with the current plea agreement (absent the right to appeal the suppression order). If he does not exercise this option within 90 days of this opinion being certified (unless extended by the trial court), the plea agreement shall be vacated.

**Conclusion**

We remand this case to the trial court with instructions to proceed in accordance with this opinion.

---

[1] In point of fact, allowing direct review of the denial of the motion to suppress in these circumstances would effectively circumvent the acceptance requirement for interlocutory appeals. App. R. 14(B)(2).

Shepard, C.J., and Dickson and Rucker, JJ., concur.  Boehm, J., dissents with separate opinion.

**Boehm, Justice, dissenting.**

I respectfully dissent. I see no reason why this plea agreement should not be honored according to its terms, as it would in several states and in federal court under Federal Rule of Criminal Procedure 11(a)(2). <u>See</u> 5 Wayne R. LaFave, <u>Criminal Procedure</u> § 21.6(b) (3d ed. 2007).

A motion to suppress will sometimes be dispositive of the case as a practical matter, and the defendant can gain a right to appeal the trial court's ruling by insisting on a trial. A defendant who loses such a pretrial motion may be unwilling to take a chance on certification of that ruling for interlocutory appeal or acceptance of the appeal by the Court of Appeals. In such a case, the majority's refusal to permit a guilty plea reserving the right to appeal a denial will force the prosecution, the defendant and the court to go through the motions of a wholly unnecessary trial. Language from some precedents of this court, if read literally and broadly, can be taken to support the majority's position, but none of those precedents addressed the issue before us today. The majority offers no persuasive reason to apply these precedents to reach a result that seems to require unnecessary additional work, and I see none.

Permitting such an agreement gives the defendant whatever benefit a guilty plea provides in sentencing and also provides an appeal of the issue that is not subject to discretion of either the trial or appellate court. Moreover, if the trial court's ruling on the motion to suppress is reversed, permitting the appeal will have generated an unnecessary sentencing hearing. But neither the court nor the prosecution is under any obligation to agree to such an arrangement unless it is sufficiently confident of success on appeal, or regards the prospect of avoiding a trial a sufficient inducement to agree.

I would remand to the Court of Appeals for consideration of Alvey's appeal of the denial of his motion to suppress.