# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KIMBERLY A. PIEPER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 89A01-1110-CR-482 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-0909-FD-108

**March 29, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Kimberly A. Pieper ("Pieper") was convicted by a jury of Neglect of a Dependent, a Class D felony,[1] and Operating a Motor Vehicle while Intoxicated, in a Manner that Endangers a Person, a Class A misdemeanor;[2] she admitted her status as a habitual substance offender.[3] She now attempts to challenge the habitual substance offender adjudication, claiming that her pre-trial motion to dismiss should have been granted because the habitual substance offender allegation was untimely.[4] We dismiss.

**Facts and Procedural History**

On September 9, 2009, the State charged Pieper with Neglect of a Dependent, and Operating a Motor Vehicle While Intoxicated, in a Manner that Endangers a Person, and also alleged her to be a habitual offender.[5] The trial court set an omnibus date of November 9, 2009. On March 16, 2010, the parties entered into a plea agreement. On May 10, 2010, Pieper withdrew from the agreement. Three days later, on May 13, 2010, the State filed an allegation that Pieper is a habitual substance offender.

On June 14, 2010, Pieper filed a motion to dismiss the habitual substance offender allegation as untimely.[6] The State responded that it had good cause for filing the allegation later than ten days after the omnibus date, because plea negotiations had been ongoing. The

---

[1] Ind. Code § 35-46-1-4(a)(1).
[2] Ind. Code § 9-30-5-2(b).
[3] Ind. Code § 35-50-2-10.
[4] She does not challenge her convictions entered upon the jury verdicts.
[5] Ind. Code § 35-50-2-8.
[6] Indiana Code Section 35-34-1-5 requires that an amendment of an indictment or information to include a habitual offender allegation must be filed not later than ten days after the omnibus date; however, upon good cause, the court may permit the filing any time before the commencement of trial.

trial court conducted a hearing on October 18, 2010. On October 22, 2010, the trial court denied the motion to dismiss. Each of the parties requested continuances.

On August 29, 2011, Pieper's jury trial was conducted, and she was found guilty of both charges against her. She then admitted her status as a habitual substance offender. She received a two-year sentence for Neglect of a Dependent and a one-year concurrent sentence for the Operating While Intoxicated offense. The latter was enhanced by five years, due to Pieper's status as a habitual substance offender. Accordingly, Pieper's aggregate sentence is six years. She now appeals.

**Discussion and Decision**

Following her jury trial, Pieper communicated her intention to admit to the habitual substance offender allegation. Outside the presence of the jury, the trial court informed Pieper of the consequences of her plea, including the waiver of the right to appeal the habitual substance offender adjudication. Pieper indicated that she understood the advisements, admitted that a factual basis existed to support the habitual substance offender allegation, and then admitted her status as a habitual substance offender.

In Tumulty v. State, 666 N.E.2d 394 (Ind. 1996), a defendant charged with multiple offenses and alleged to be a habitual offender pled guilty to all charges but then appealed the acceptance of the plea. Our Indiana Supreme Court observed that "the plea as a legal act brings to a close the dispute between the parties" and held that Tumulty was prohibited from bringing his claim on direct appeal. Id. at 396. Following the trial court's acceptance of a guilty plea, "a defendant is entitled to contest the merits of a trial court's sentencing

3

discretion," but otherwise a petition for post-conviction relief is the appropriate vehicle for pursuing claims. Id.

Here, Pieper admitted to the habitual substance offender allegation. She does not challenge an exercise of the trial court's sentencing discretion, but rather requests that we vacate the adjudication entered upon her admission and vacate the sentence enhancement in its entirety. The basis upon which she seeks to have the adjudication vacated is her contention that the trial court erred in its pre-trial ruling that the State's late filing of the habitual substance offender allegation was supported by good cause.

However, Pieper may not challenge the acceptance of her plea on direct appeal. See id. at 394. Moreover, she may not challenge the trial court's ruling on a pre-trial motion. One who pleads guilty "cannot benefit from both the advantages of pleading guilty and the right to raise allegations of error with respect to pre-trial rulings; these rights are relinquished once defendants decide against facing an uncertain outcome at trial." Alvey v. State, 911 N.E.2d 1248, 1251 (Ind. 2009).

A direct appeal is not the appropriate vehicle for seeking to vacate an adjudication as a result of a guilty plea. Therefore, we dismiss the appeal.

Dismissed.

ROBB, C.J., and MATHIAS, J., concur.

4