**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CRAIG PERSINGER**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED

Nov 07 2012, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN SALTER,          )
                      )
    Appellant-Defendant,   )
                      )
       vs.          )     No.  27A02-1203-CR-275
                      )
STATE OF INDIANA,     )
                      )
    Appellee-Plaintiff.    )

APPEAL FROM THE GRANT CIRCUIT COURT
The Honorable Mark E. Spitzer, Judge
Cause No.  27C01-1103-FD-84

**November 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

John Salter ("Salter") pled guilty to Possession of Marijuana as a Class D felony.[1] He now challenges the conviction on direct appeal, claiming that the doctrine of equitable estoppel requires that his conviction be reversed. However, because a conviction based upon a plea cannot be directly challenged, we dismiss.

**Facts and Procedural History**

On March 4, 2011, the State charged Salter with Possession of Marijuana as a Class D felony[2] and Possession of Paraphernalia as a Class A misdemeanor.[3] On January 6, 2012, Salter pled guilty to Possession of Marijuana as a Class D felony. At a sentencing hearing on February 10, 2012, the trial court entered a judgment of conviction for Possession of Marijuana as a Class D felony and imposed a sentence of one and one-half years imprisonment, all suspended to probation.

Salter now appeals.

**Discussion and Decision**

Salter, based on a theory of equitable estoppel, directly appeals his conviction for Possession of Marijuana as a Class D felony instead of as a Class A misdemeanor. We do not purport to evaluate the merits of Salter's claim. Rather, our Indiana Supreme Court has observed that "'the plea as a legal act brings to a close the dispute between the parties[,]'"

---

[1] Ind. Code § 35-48-4-11(1) (2010). The relevant statutory provision has been changed several times since the commission of the offense. We refer to the version of the statute then in effect.

[2] Id.

[3] I.C. § 35-48-4-8.3(a)(1).

2

and has held that a defendant who pled guilty could not appeal the acceptance of his plea on direct appeal. Pieper v. State, 968 N.E.2d 787, 788-89 (Ind. Ct. App. 2012) (quoting Tumulty v. State, 666 N.E.2d 394, 396 (Ind. 1996)). Thus, a petition for post-conviction relief is the appropriate vehicle for seeking to vacate an adjudication as a result of a guilty plea. Ind. Post-Conviction Rule 1; Pieper, 968 N.E.2d at 788-89. Therefore, we dismiss the appeal.

Dismissed.

RILEY, J., and CRONE, J., concur.