**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 03 2013, 5:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KEM DUERSON,                                )
                                            )
    Appellant-Defendant,                )
                                            )
        vs.                            )   No.  82A01-1301-CR-23
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.                 )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1201-FA-32

**September 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Kem Duerson ("Duerson") was convicted after a jury trial of Dealing in Cocaine, as a Class A felony.[1]  After the conclusion of the jury trial, Duerson admitted his status as a habitual offender.[2]  He now appeals both the conviction for Dealing in Cocaine and the adjudication as a habitual offender.

We affirm.

**Issues**

Duerson presents two issues for our review.  We restate these as:

I.   Whether the trial court abused its discretion under Evidence Rule 404(b) when it admitted into evidence testimony concerning who decided to initiate a controlled buy with Duerson; and

II.  Whether the trial court erred when, over Duerson's objections, it twice extended the omnibus date and permitted the State to allege that Duerson was a habitual offender.

**Facts and Procedural History**

On May 23, 2011, Michael Harmes, Jr. ("Harmes") was working as a confidential informant for Detective Heath Stewart ("Detective Stewart"), a narcotics detective with the Evansville Police Department.  Over the preceding week, Harmes had worked with Stewart to arrange a controlled purchase of crack cocaine from Duerson, whom Harmes had known as an acquaintance for nearly ten years and sometimes called "Duke."

On May 23, Harmes and Duerson finalized arrangements for Harmes to purchase cocaine from Duerson at Duerson's apartment, which had been designated by the United

[1] Ind. Code §§ 35-48-4-1(a)(1) & 35-48-4-1(b)(3)(B)(iii).

[2] I.C. § 35-50-2-8.

2

States Department of Housing and Urban Development as a family housing complex. Harmes met Detective Stewart and Detective Chris Goergen ("Detective Goergen"), also with the Evansville Police Department. The detectives searched Harmes and his vehicle and, after determining Harmes did not possess any money, weapons, or contraband, Detective Stewart provided Harmes with $200 in cash. Detectives Stewart and Goergen also ensured that audiovisual surveillance equipment was placed on Harmes's person and that it was working correctly.

Once he was properly prepared to perform the controlled buy, Harmes traveled to Duerson's apartment and purchased eight pieces of crack cocaine, each in its own small bag, for $160. Harmes then left Duerson's apartment and followed Detective Stewart to a location where police could retrieve the recording equipment, money, and drugs.

On January 9, 2012, Duerson was charged with Dealing in Cocaine, as a Class A felony, and was alleged to be a habitual substance offender.[3]

During the pendency of the pre-trial proceedings, the State twice sought and received extensions of the omnibus date, each time over Duerson's objection. The first of these occurred on March 15, 2012, and extended the omnibus date from March 16, 2012 to April 13, 2012. The second of these occurred on May 4, 2012, and reset the omnibus date to September 14, 2012.

On June 18, 2012, the State filed an enhancement of the charges, alleging that Duerson was a habitual offender.

---

[3] I.C. § 35-50-2-10.

A jury trial was conducted on September 17, 24, and 25, 2012; at its conclusion, the jury was deadlocked and the trial court declared a mistrial.

A second jury trial was conducted on November 15 and 16, 2012. During the trial, Detective Stewart testified concerning the events of May 23, 2011, including answering questions posed by the jury; Duerson objected to one of Detective Stewart's answers to a juror question, and the trial court overruled the objection. At the conclusion of the trial, the jury found Duerson guilty of Dealing in Cocaine, as charged. The trial was scheduled to proceed to a habitual offender phase; however, Duerson entered his admission to habitual offender status before that phase of the trial began.

On December 14, 2012, the trial court conducted a sentencing hearing. During the hearing, Duerson pro se filed a motion for mistrial and submitted several other oral motions to the trial court; all of these were denied. At the hearing's conclusion, the trial court entered judgment of conviction against Duerson for Dealing in Cocaine and adjudicated him a habitual offender. The court sentenced Duerson to thirty years imprisonment for Dealing in Cocaine, and an additional thirty years imprisonment under the habitual offender enhancement, yielding an aggregate sentence of sixty years.

This appeal ensued.

**Discussion and Decision**

<u>Admission of Evidence</u>

On appeal, Duerson contends that certain testimony from Detective Stewart amounted to inadmissible propensity evidence under Evidence Rule 404(b) and that, as a

4

result of the erroneous admission of this testimony, this Court should reverse his conviction.

Our standard of review concerning the admission of evidence is well settled. We review the admission of evidence for an abuse of discretion, which occurs when the trial court's ruling is against the logic and effect of the facts and circumstances before the trial court. Davis v. State, 907 N.E.2d 1043, 1048 (Ind. Ct. App. 2009). Further, we will not reverse a trial court's judgment where the admission of evidence, though an abuse of discretion, amounts to harmless error, because "[t]he improper admission of evidence is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court that there is no substantial likelihood the challenged evidence contributed to the conviction." Edwards v. State, 862 N.E.2d 1254, 1259 (Ind. Ct. App. 2007), trans. denied; Ind. Trial Rule 61.

Duerson contends that the trial court abused the discretion afforded it under Evidence Rule 404(b). Generally, all relevant evidence is admissible at trial. Ind. Evidence Rule 402. Relevant evidence is that evidence which has any tendency to make the existence of a fact of consequence to determination of the action more or less probable. Evid. R. 401.

Not all relevant evidence is admissible, however. Where otherwise relevant evidence is such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or where its presentation would cause undue delay or would be needlessly cumulative, that evidence is inadmissible. Evid. R. 403. In addition, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evid. R. 404(b). Such

5

evidence may, however, be admitted "for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.

Here, Duerson takes issue with Detective Stewart's testimony in response to this question from the jury:

> [COURT]: Then – the first question is, who initiated the controlled buy on this guy? "Duke," the detective, or the Confidential Informant? What would your answer to that question be?

(Tr. at 244.) Detective Stewart's answer to the question during an offer of proof was, "I did." (Tr. at 245.) Duerson objected to the question and Detective Stewart's answer, arguing that they would permit the jury to infer "that this police officer knew and was aware of Mr. Duerson ahead of time," (Tr. at 246) and that Detective Stewart "had a basis to say [to Harmes] we think this guy is dealing dope, do you know him, let's go get him." (Tr. at 249.) The trial court overruled the objection, concluding that the propensity concerns raised by Duerson's objection could be addressed with the brief answer of "I did" offered by Detective Stewart. (Tr. at 250.) Detective Stewart went on to provide that two-word answer to the jury.

Upon review, we find no abuse of discretion on the part of the trial court in admitting into evidence Detective Stewart's answer to the jury's question. Detective Stewart's statement provides no indication that he had any knowledge of any prior act by Duerson. Moreover, even if Detective Stewart did convey such information, Duerson has failed to establish how he was prejudiced by Detective Stewart's answer, as there was substantial independent evidence of Duerson's guilt. This includes not only Harmes's

6

testimony concerning the controlled buy, but also the audiovisual recording of Harmes's interactions with Duerson and testimony from Detectives Stewart and Goergen concerning what items Harmes possessed at the beginning and end of the events of May 23, 2011.

Accordingly, we find no reversible error in the trial court's admission of Detective Stewart's answer to the jury's question concerning who initiated the controlled buy.

### Habitual Offender Enhancement

Duerson also challenges his adjudication as a habitual offender. Specifically, Duerson argues that the trial court's extensions of the omnibus date were in error because the statutory provisions that permit extension of the omnibus date did not provide for an extension of the date over Duerson's objections. Had the trial court not done so, Duerson argues, the State's filing of the habitual offender allegation would have been untimely, and he would not have been placed in a position to plead guilty to the allegation.

We do not agree. Our supreme court held in Tumulty v. State, "the plea as a legal act brings to a close the dispute between the parties," and thus a defendant may not on direct appeal challenge an adjudication as a habitual offender. 666 N.E.2d 394, 396 (Ind. 1996). A defendant "cannot benefit from both the advantages of pleading guilty and the right to raise allegations of error with respect to pre-trial rulings; these rights are relinquished once defendants decide against facing an uncertain outcome at trial." Alvey v. State, 911 N.E.2d 1248, 1251 (Ind. 2009).

Having pled guilty to the habitual offender allegation, Duerson cannot now seek to avoid that adjudication by challenging the timeliness of the filing as a result of the trial

7

court's extensions of the omnibus date at the State's request. We therefore leave undisturbed his adjudication as a habitual offender.

## Conclusion

The trial court did not error in admitting into evidence the detective's brief testimony about the initiation of the controlled buy with Duerson. As a result of his guilty plea to the habitual offender enhancement, Duerson is precluded from challenging the timeliness of the habitual offender enhancement allegation. We therefore affirm the judgment of the trial court.

Affirmed.

MAY, J., and BRADFORD, J., concur.