# FOR PUBLICATION



**FILED**
Dec 06 2013, 6:07 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**EVERETT SWEET**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EVERETT SWEET, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1305-PC-451 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1004-PC-4

**December 6, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

In August of 2009, Everett Sweet pleaded guilty to dealing in methamphetamine, as a Class B felony, after he had been fully advised of his rights and he had agreed with the State's factual basis underlying the allegation against him. In April of 2010, Sweet filed a petition for post-conviction relief in which he sought to have his conviction overturned on the theory that he had received ineffective assistance of counsel in a pretrial evidentiary hearing on a motion to suppress the State's evidence. Had he not received ineffective counsel on his motion to suppress, Sweet contends, the State's evidence against him would have been suppressed and he would not have pleaded guilty. This is not a permissible basis to collaterally attack a guilty plea in Indiana. We therefore affirm the post-conviction court's denial of Sweet's pro se petition for post-conviction relief.

**FACTS AND PROCEDURAL HISTORY**

On November 27, 2008, Sweet stayed the night at the home of Jason Weinley. The next morning, Sweet "call[ed] around trying to find . . . fertilizer" and told Weinley he needed fertilizer "[f]or making meth." Motion to Suppress Transcript at 7-8. Weinley told Sweet to leave, and Weinley gave Sweet a ride to a third party's house. En route, Sweet told Weinley that "he forgot his [backpack] on [Weinley's] porch." Id. at 8.

When he returned to his home, Weinley located Sweet's backpack. Weinley "was worried about what was in it because [he had] kids running around" and he "wanted to make sure that it wasn't stuffed with meth." Id. at 9. Upon opening Sweet's backpack,

Weinley discovered a mobile meth lab. Weinley called the Huntington Police Department.

Detective Matt Hughes responded to Weinley's call and learned that the State had several active warrants for Sweet's arrest. Detective Hughes set up surveillance a few blocks from Weinley's residence and observed Sweet return to pick up his backpack and then drive away. Detective Hughes initiated a traffic stop and arrested Sweet pursuant to the active arrest warrants. Detective Hughes observed Sweet's backpack behind the driver's seat, and he seized and searched the backpack without a search warrant. Detective Hughes confirmed Weinley's initial report that the backpack was a mobile meth lab.

The State charged Sweet with dealing in methamphetamine, as a Class B felony; attempted dealing in methamphetamine, as a Class B felony; and possession of drug precursors, as a Class D felony. The State subsequently amended its information to additionally allege that Sweet was an habitual offender. Sweet filed a motion to suppress the evidence, in which he argued that Weinley was an agent of the Huntington Police Department and, therefore, his search of Sweet's backpack without a search warrant violated Sweet's rights under the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution. At an ensuing evidentiary hearing, Sweet's counsel questioned one of the detectives involved in the investigation about Weinley's relationship with the Huntington Police Department, but he did not question Weinley. The trial court denied Sweet's motion to suppress.

Following the trial court's denial of his motion to suppress, Sweet pleaded guilty to dealing in methamphetamine, as a Class B felony. In exchange for his plea, the State dismissed the remaining charges, including the habitual offender allegation. On August 25, 2009, the trial court held a guilty plea hearing and fully advised Sweet of his rights. Following the advisement, the court engaged Sweet in the following colloquy:

> THE COURT: Do you understand that by pleading guilty that you are admitting that the facts contained in this charging document are true and accurate?
>
> DEFENDANT SWEET: Yes, sir.
>
> * * *
>
> THE COURT: Have you discussed [the motion to enter a plea of guilty and written advisement and waiver of rights] with your attorney?
>
> DEFENDANT SWEET: I have.
>
> THE COURT: Is there any portion of these documents that you do not understand?
>
> DEFENDANT SWEET: No, sir.
>
> * * *
>
> THE COURT: Paragraph nine (9) states that you are pleading guilty to Count 1: Dealing in Methamphetamine, a Class B felony[, in exchange for the dismissal of the remaining charges and a capped sentence.] Do you understand that?
>
> DEFENDANT SWEET: Yes, sir.
>
> THE COURT: Has anyone offered you anything or promised you anything other than what is contained in paragraph nine (9)?
>
> DEFENDANT SWEET: No, sir.
>
> THE COURT: Do you feel that your Plea of Guilty today is of your own free and voluntary act?

DEFENDANT SWEET:  Yes, sir.

* * *

THE COURT:  How do you plead to Count one (1):  Dealing in Methamphetamine, a Class B felony?

DEFENDANT SWEET:  Guilty.

THE COURT: Would the State present a factual basis?

THE STATE:  Yes, your Honor, the factual basis is contained in paragraph fifteen (15) of the Defendant's Written Motion to Enter a Plea of Guilty.
        In summary, the facts are that the Defendant is currently thirty-five (35) years old.
        On November 28th, 2008, the Defendant possessed a backpack containing a mobile meth lab which included salt, drain opener, lithium batteries, Coleman fuel and a HCL generator with which he was manufacturing methamphetamine.
        All of these events occurred in Huntington County, Indiana.

THE COURT:  Is that a correct statement of the facts?

DEFENDANT SWEET:  Yes, sir.

Guilty Plea Hearing Transcript at 17-21.  The court then accepted Sweet's plea agreement.  Pursuant to the terms of Sweet's plea agreement, the trial court sentenced him to eighteen years.  Sweet did not file a direct appeal.

On April 13, 2010, Sweet filed his petition for post-conviction relief, which he later amended.  In his amended petition, Sweet alleged that his trial counsel had rendered ineffective assistance when he failed to question Weinley at the motion to suppress hearing and that, if his counsel had properly examined Weinley, his counsel would have learned that Weinley was a paid informant of the Huntington Police Department.  Sweet then alleged that this additional evidence would have compelled the trial court to grant

5

his motion to suppress the evidence and that, with the State's evidence suppressed, he would not have pleaded guilty. The post-conviction court held an evidentiary hearing on Sweet's petition on March 19, 2013, after which the court entered findings of fact and conclusions of law denying the petition. This appeal ensued.

## DISCUSSION AND DECISION

Sweet appeals the post-conviction court's denial of his petition for post-conviction relief. Our standard of review is clear:

> [The petitioner] bore the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. See Ind. Post-Conviction Rule 1(5); Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Timberlake, 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Id. If an issue was known and available, but not raised on direct appeal, it is waived. Id. If it was raised on appeal, but decided adversely, it is res judicata. Id.

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. Hall v. State, 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. Id. at 468-69. Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues [the petitioner] must convince this court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. See Timberlake, 753 N.E.2d at 597. We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. Id.

Lindsey v. State, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), trans. denied.

Sweet purports to allege two issues on appeal, namely, that his counsel rendered ineffective assistance when he failed to question Weinley at the motion to suppress hearing and that, if his counsel had not acted ineffectively, the State's evidence would

6

have been suppressed and Sweet would not have pleaded guilty. The post-conviction court's judgment and the State's response on appeal focus on the merits of Sweet's arguments. However, we affirm the post-conviction court's judgment on a different rationale: Sweet's attempt to collaterally attack his guilty plea by challenging the underlying evidence against him is inconsistent with the plea itself.

Our Supreme Court has been unambiguous on the consequences of pleading guilty in Indiana: "a defendant's plea of guilty is not merely a procedural event that forecloses the necessity of trial and triggers the imposition of sentence. It also, and more importantly, conclusively establishes the fact of guilt, a prerequisite in Indiana for the imposition of criminal punishment." Alvey v. State, 911 N.E.2d 1248, 1249 (Ind. 2009) (internal alterations and quotations omitted). "[I]t is inconsistent to allow defendants both to plead guilty and to challenge evidence supporting the underlying convictions." Id. "When a judgment of conviction upon a guilty plea becomes final and the defendant seeks to reopen the proceedings, the inquiry is normally confined to whether the underlying plea was both counseled and voluntary." Id.

Our Supreme Court has also made clear that this rationale applies in the post-conviction setting:

> A plea of guilty . . . forecloses a post-conviction challenge to the facts adjudicated by the trial court's acceptance of the guilty plea and the resulting conviction. The facts established by a plea of guilty may not be later challenged in post-conviction proceedings.
>
> Though this defendant now claims that new evidence would require that his conviction be vacated, we cannot harmonize this new position taken by the defendant with the fact that he originally admitted to committing the crime by his guilty plea. It is inconsistent to allow defendants who pleaded guilty to use post-conviction proceedings to later revisit the integrity of

7

their plea in light of alleged new evidence seeking to show that they were in fact not guilty. Both his confession and his new claims cannot be true. A defendant knows at the time of his plea whether he is guilty or not to the charged crime. With a trial court's acceptance of a defendant's guilty plea, the defendant waives the right to present evidence regarding guilt or innocence.

Norris v. State, 896 N.E.2d 1149, 1153 (Ind. 2008) (footnote omitted[1]).

Here, again, Sweet asserts that his conviction must be reversed because, had his counsel not rendered ineffective assistance, his motion to suppress the State's evidence would have been granted. This is, in effect, a challenge to the evidence underlying Sweet's conviction. But Sweet's conviction is based on his own guilty plea and the factual basis underlying his plea. Accordingly, he may not challenge the evidence underlying his conviction in the post-conviction forum. See id. And Sweet does not suggest that, independent of his counsel's alleged ineffective assistance, his guilty plea was neither counseled nor voluntary.

In sum, our post-conviction rules do not permit a defendant who has pleaded guilty to collaterally challenge the evidence underlying his conviction. Accordingly, we affirm the post-conviction court's denial of Sweet's petition for post-conviction relief.

Affirmed.

MATHIAS, J., and BROWN, J., concur.

---

[1] The court in Norris noted that that case "d[id] not involve any request for post-conviction DNA testing" pursuant to Indiana Code Section 35-38-7-19(3). 896 N.E.2d at 1153 n.2. Neither does the instant appeal.