**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 17 2014, 6:37 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**FELIPE CORTEZ**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FELIPE CORTEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1305-PC-237 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1205-PC-48

**January 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Felipe Cortez, pro se, appeals the denial of his petition for post-conviction relief (PCR). He presents five issues on appeal, which we consolidate and restate as follows: Did the post-conviction court err in denying the petition?

We affirm.

In March 2009, the State charged Cortez with two counts of dealing in cocaine, both as class A felonies. The charges resulted from two separate controlled buys. On October 13, 2011, Cortez entered into a plea agreement with the State in which he pleaded guilty to one count of class A felony dealing. In exchange, the State dismissed the second count (as well as charges filed in another cause) and agreed to a fixed sentence of thirty years in prison. The trial court accepted the plea agreement and entered conviction and sentence accordingly. Cortez did not pursue a direct appeal.

On May 15, 2012, Cortez filed a pro se PCR petition, expressly indicating that he did not want a public defender appointed. Cortez followed his PCR petition with a motion to withdraw his guilty plea. At the post-conviction hearing, Cortez did not call witnesses or present any exhibits. During his own brief testimony, Cortez made only vague legal accusations, baldly asserting that his speedy trial rights were violated, his guilty plea was not entered into knowingly or voluntarily, and there was no probable cause (for what, we are not sure). He also asserted that his right to remain silent was violated upon his incarceration. Cortez provided no facts to support any of these claims.

The post-conviction court denied relief on March 18, 2013. In its order, the court concluded that Cortez had failed to meet his burden of proof because he presented no

substantive evidence or witnesses. The post-conviction court went on to note that even if it were to consider Cortez's bare conclusions, he would not prevail. The court reviewed the transcript of the plea hearing and found that Cortez had been fully advised of his rights and voluntarily waived them. The court further found no indication that Cortez received ineffective assistance of trial counsel. The court also correctly observed that Cortez's freestanding claims were unavailable.[1]

In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State,* 983 N.E.2d 1134 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* at 1138 (quoting *Fisher v. State,* 810 N.E.2d 674, 679 (Ind. 2004)). In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion. *Bethea v. State,* 983 N.E.2d 1134. Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* at 1138 (quoting *Ben–Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind. 2000)).

Cortez wholly failed to establish his grounds for relief by a preponderance of the evidence below. As found by the post-conviction court, Cortez presented no substantive

---

[1] As Cortez pleaded guilty pursuant to a fixed plea agreement, he forfeited all alleged pretrial errors and the right to appeal his sentence. *See Alvey v. State*, 911 N.E.2d 1248 (Ind. 2009). "When a judgment of conviction upon a guilty plea becomes final and the defendant seeks to reopen the proceedings, the inquiry is normally confined to whether the underlying plea was both counseled and voluntary." *Id*. at 1249.

evidence in support of his post-conviction claims, including that he received ineffective assistance of trial counsel and entered his plea unknowingly and involuntarily. Cortez's bare assertions and legal conclusions do not constitute evidence. In addition to having no basis in the record, we observe that Cortez's arguments on appeal are not supported by cogent argument and are, therefore, waived.[2] *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) ("a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record"), *trans. denied*.

    Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.

---

[2] For example, Cortez presents the following argument: "[Cortez] proved by a preponderance of the evidence that there is no evidence to convict Appellant of any crime, due to the illegal arrest, = equals any evidence seized should have been suppressed if there was any, had not been for the ineffectiveness of Appellant's Pre-trial Lawyer/s." *Appellant's Brief* at 14. Cortez's entire appellate brief is cobbled together with this type of nonsensical and unsupported argument.