**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LUMAZ L. THOMPSON | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1405-CR-243 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT CRIMINAL DIVISION 2
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1106-MR-003

**January 7, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Lumaz Thompson appeals his conviction and sentence for voluntary manslaughter, as a class A felony. He presents the following restated issues for review:

1.      Was Thompson's guilty plea supported by an adequate factual basis?

2.      Did the trial court abuse its sentencing discretion?

We affirm.

On or about June 1, 2011, Thompson had sexual intercourse with Denise Collier in exchange for money. The two eventually began to argue in Collier's apartment, and Collier referred to Thompson's girlfriend as a bitch. Thompson then proceeded to grab Collier and "choke[] her so hard that he lifted her off her toes." *Appendix* at 51. According to Thompson, he "tied the bitch up with her skirt around her neck and shit", using the skirt to strangle her to death. *Id.*

Police found Collier's decomposing body in her apartment on June 7. The apartment was in a state of disarray, and the victim was on the floor covered by a blanket. She still had a piece of cloth wrapped tightly around her neck with a knot tied behind her neck. According to the autopsy report, the strangulation caused hemorrhages on both sides of her neck and in her larynx, fracture of the left hyoid bone, and multiple contusion hemorrhages over her scalp and cerebrum.

The State charged Thompson with murder. Following numerous continuances, Thompson filed a notice of intent to interpose a defense of insanity. Thompson was then evaluated by two mental health professional who opined that although he was mentally ill with a history of PTSD, mood disorder, and oppositional defiant disorder, Thompson did not meet the criteria for insanity.

On February 7, 2014, Thompson entered into a plea agreement with the State in which he agreed to plead guilty but mentally ill to voluntary manslaughter as a class A felony. In exchange, the State dismissed the murder charge. Sentencing was left to the trial court's discretion, except that the agreement provided for a minimum executed sentence of twenty-five years. The trial court imposed a forty-year sentence, with two of those years suspended to probation. Thompson now appeals.

1.

At the time of Thompson's offense, the voluntary manslaughter statute, Ind. Code Ann. § 35-42-1-3, provided for elevation of the offense from a class B felony to a class A felony if the offense was committed by means of a deadly weapon. To avoid a murder conviction, Thompson pleaded guilty to voluntary manslaughter as a class A felony, expressly stipulating that he used a skirt to strangle the victim to death and that in doing so "the manner and use of Denise Collier's skirt became a deadly weapon". *Id.*

On appeal, Thompson now argues that "the use of a skirt as a deadly weapon contravenes legislative intent of the statutes in that there are extremely rare circumstances where a skirt could be used as a deadly weapon." *Appellant's Brief* at 4. He claims, therefore, that a sufficient factual basis did not exist to support the elevated conviction and that we should remand for reduction to a class B felony.

> It is well settled that a person who pleads guilty cannot challenge the propriety of the resulting conviction on direct appeal; he or she is limited on direct appeal to contesting the merits of a trial court's sentencing decision, and then only where the sentence is not fixed in the plea agreement. This is one of the consequences of pleading guilty.

3

*Alvey v. State*, 911 N.E.2d 1248, 1249 (Ind. 2009).  We decline Thompson's invitation to challenge his conviction.

2.

Thompson also challenges his sentence, claiming that the trial court abused its discretion.[1]  He contends that the trial court erred in finding the nature and circumstances of the offense to be an aggravator and in failing to find his difficult childhood as a mitigator.

Sentencing decisions rest within the sound discretion of the trial court.  *Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007).  So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion.  *Id.*  An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.  *Id.*  A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law.  *Id.*  Because the trial court no longer has an obligation to weigh aggravating and mitigating factors against each other when imposing

---

[1]  Thompson begins the discussion of this issue with a paragraph about the manifestly unreasonable standard.  The Indiana Supreme Court replaced this standard over a decade ago.  The applicable rule is now found in Indiana Appellate Rule 7(B):  "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the defendant."

4

a sentence, a trial court cannot now be said to have abused its discretion in failing to properly weigh such factors. *Id.*

Among other aggravating circumstances, the trial court found the nature and circumstances of the crime to be "extremely aggravating." *Transcript* at 62. The court went into detail regarding the crime scene and the degree of brutality and rage involved in the crime.[2] Indeed, the defense acknowledged at sentencing that this was a "horrific crime" and that the nature and circumstances were "gruesome." *Id.* at 39, 59. The trial court did not abuse its discretion when it found the unique nature and circumstance of this crime to be aggravating.[3] *See Gomillia v. State*, 13 N.E.3d 846 (Ind. 2014).

Thompson next argues that the trial court failed to identify his difficult childhood as a mitigating circumstance. He notes that at the age of four he was placed in foster care after his baby brother died from ingesting cocaine. He and his remaining siblings were then separated into different placements for the next seven years until eventually being returned to their mother.

An allegation that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the evidence is significant. *Patterson v. State*, 909 N.E.2d 1058 (Ind. Ct. App.

---

[2] The trial court concluded: "Seldom have I seen a killing involving this degree of rage. The Court considers Mr. Thompson to be a person of depraved moral character who is without a doubt a danger to the community because of his mental health issues and his propensity for violence." *Id*. at 63-63. In passing and without citation to authority, Thompson asserts that the court improperly considered as aggravating his character and the danger to the community he posed because there was evidence his mental health could be controlled by medication. There was ample evidence in the record, however, that Thompson had chosen not to take his prescribed medication for years, opting to self-medicate with alcohol and drugs instead.

[3] Thompson also claims, for the first time on appeal, that the trial court was precluded from considering the nature and circumstances as an aggravator because he was incapable of deliberation or premeditation when acting with sudden heat. We find this argument entirely without merit.

5

2009).  Our courts have consistently held that "evidence of a difficult childhood warrants little, if any, mitigating weight."  *Id.* at 1062 (quoting *Ritchie v. State,* 875 N.E.2d 706, 725 (Ind. 2007)).  Thompson has not established that the trial court overlooked a significant mitigator in this regard.  The trial court did not abuse its discretion in sentencing him.

Judgment affirmed.

KIRSCH, J., and CRONE, J., concur.