## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2017, 6:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Archie Massey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 22, 2017

Court of Appeals Case No.
38A02-1706-CR-1406

Appeal from the Jay Circuit Court

The Honorable Brian D. Hutchison, Judge

Trial Court Cause Nos.
38C01-1602-F5-8
38C01-1609-F5-43

**Crone, Judge.**

# Case Summary

[1] Archie Massey appeals his five-year sentence imposed following his guilty plea to level 5 felony possession of a narcotic drug. Massey asserts that the trial court abused its discretion in sentencing him by relying on an improper aggravating circumstance. We conclude that the trial court did not abuse its discretion in sentencing Massey, and therefore we affirm.

# Facts and Procedural History

[2] In February 2016, in cause number 38C01-1602-F5-8 ("Cause F5-8"), the State charged Massey with Count I, level 5 felony possession of a narcotic drug, and Count II, level 6 felony possession of a controlled substance. Count I was enhanced from a level 6 felony to a level 5 felony because Massey had a "previous conviction for Dealing in a Schedule II Controlled Substance." Appellant's App. Vol. 2 at 15. In September 2016, the State charged Massey under cause number 38C01-1609-F5-43 ("Cause F5-43") with Count I, level 5 felony dealing in a narcotic drug, and Count II, level 5 felony dealing in a narcotic drug. *Id*. at 52. Also in Cause F5-43, the State filed a notice of intent to seek habitual offender status. *Id*. at 53.

[3] In January 2017, Massey entered into a plea agreement, in which he agreed to plead guilty to the first count in both causes. *Id*. at 64. The State agreed to dismiss the second count in both causes and the habitual offender enhancement. *Id*. The plea agreement left sentencing to the trial court's discretion.

[4]    In February 2017, the trial court held a plea and sentencing hearing. For the level 5 felony possession charge in Cause F5-8, Massey admitted that he knowingly possessed heroin on February 5, 2016. For the level 5 felony dealing charge in Cause F5-43, Massey admitted that he delivered heroin to a confidential informant in exchange for $600 on November 11, 2015. The trial court found that Massey's offers to plead guilty were freely and voluntarily made and there was a factual basis for each of the pleas, and accepted the plea agreement.

[5]    Turning to sentencing, the trial court found that the two current offenses were Massey's fourth and fifth felony convictions, including a prior conviction for dealing; Massey had numerous misdemeanor convictions and a federal weapons charge; and Massey had repeatedly violated probation conditions. The trial court observed that Massey was "going the wrong way" and that "[t]hose are significant aggravating circumstances that would warrant the imposition of a maximum sentence on each count." Tr. Vol. 3 at 23. The trial court found that undue hardship to Massey's family and health were not mitigating circumstances that deserved weight. The trial court also found that Massey's guilty plea was not a mitigating circumstance because he had received a substantial benefit with the dismissal of the habitual offender enhancement. However, the trial court found that his cooperation with the State warranted some mitigating weight. The trial court found that the aggravating circumstances "far outweighed" the mitigating circumstances and imposed a five-year executed sentence on each count. *Id*. at 24. The trial court decided to

order consecutive sentences, noting that Massey has "a significant criminal record," his offenses were "separated by three months," and he had served seven years for his most recent felony conviction. *Id*. As a result, Massey received a ten-year aggregate sentence. This appeal ensued.

## Discussion and Decision

[6] Although Massey's argument is difficult to discern, it is focused on Cause F5-8 and his conviction for possession of a narcotic drug with its enhancement from a level 6 felony to a level 5 felony based on his previous conviction for dealing in a schedule II controlled substance. Appellant's App. Vol. 2 at 15. Generally, possession of a narcotic drug is a level 6 felony. Ind. Code § 35-48-4-6(a). However, where the amount of the drug involved is less than five grams "and an enhancing circumstance applies[,]" the offense is a level 5 felony. Ind. Code § 35-48-4-6(b)(2). An enhancing circumstance includes "a prior conviction, in any jurisdiction, for dealing in a controlled substance that is not marijuana, hashish, hash oil, salvia divinorum, or a synthetic drug, including an attempt or conspiracy to commit the offense." Ind. Code § 35-48-1-16.5(1).

[7] Massey argues that at the plea hearing, the trial court committed fundamental error by failing to apprise him of the previous conviction that was relied on in the charging information to elevate the offense from a level 6 felony to a level 5 felony. Massey appears to argue that because the trial court did not discuss the enhancement of the felony level, he did not fully understand the nature of the offense and a sufficient factual basis to support his guilty plea was not established. Despite Massey's attempts to frame his argument in terms of

sentencing, his argument is essentially a challenge to the validity of his conviction. We observe that "[d]efendants who plead guilty to achieve favorable outcomes forfeit a plethora of substantive claims and procedural rights." *Alvey v. State*, 911 N.E.2d 1248, 1250-51 (Ind. 2009). "It is well settled that a person who pleads guilty cannot challenge the propriety of the resulting conviction on direct appeal; he or she is limited on direct appeal to contesting the merits of a trial court's sentencing decision, and then only where the sentence is not fixed in the plea agreement." *Id.* at 1249. Accordingly, Massey is foreclosed from attacking the validity of his conviction for level 5 felony possession of a narcotic drug on direct appeal, and we will not consider this argument.

[8] However, Massey also contends that the trial court abused its discretion in sentencing him in Cause F5-8 by considering the previous dealing conviction that was used to elevate his offense to a level 5 felony as an aggravating circumstance. Because Massey's plea agreement left sentencing to the discretion of the trial court, we may address this argument. *See Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005) ("[I]f, in a guilty plea situation, there is no agreement between the defendant and the State as to the sentence to be imposed—called an 'open plea,' i.e., one where the judge has discretion as to the sentence to be imposed, the sentence can, indeed must, be challenged (if at all) by means of a direct appeal.").

[9] We note that sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875

N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. at 491. A trial court abuses its discretion during sentencing by (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91.

[10] The advisory sentence for a level 5 felony is three years, with a fixed term of between one and six years. Ind. Code § 35-50-2-6. Here, the trial court imposed a five-year sentence. Massey argues that his previous dealing conviction was a material element of his level 5 felony possession conviction and that "a factor constituting a material element of a crime cannot be considered an aggravating circumstance in determining a sentence." Appellant's Br. at 13. Our supreme court has held that, "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is 'improper as a matter of law.'" *Gomillia v. State*, 13 N.E.3d 846, 852-53

(Ind. 2014) (quoting *Anglemyer*, 868 N.E.2d at 491).[1]  In sentencing Massey, the trial court mentioned his previous dealing conviction, but the court also noted Massey's other felony and misdemeanor convictions and his persistent violations of probation conditions.  Because the trial court did not rely solely on the previous dealing conviction to impose a sentence above the advisory, we decline to find that the trial court abused its discretion in sentencing Massey.[2]

[11]  Affirmed.

Robb, J., and Bradford, J., concur.

---

[1]  The case cited by Massey is outdated in light of our supreme court's holding in *Gomillia*.

[2]  Massey cites Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  However, Massey does not develop any specific argument regarding the nature of the offense or his character, and therefore we consider any Rule 7(B) claim waived.  *See Perry v. State*, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010) ("It is well-established that a failure to make a cogent argument regarding the nature of the defendant's offense and the defendant's character results in waiver of the defendant's appropriateness claim.").  We take this opportunity to clarify that "inappropriate sentence and abuse of discretion claims are to be analyzed separately."  *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).